UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN GARDNER,

               Plaintiff,

    -against-

AMAZON.COM LLC,

              Defendant.

25-CV-8285 (JPO) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiff in this case, who is proceeding pro se, sent two groups of documents for filing

on the docket to the pro se filing clerk, to my chambers, and to the chambers of Judge Oetken.

The first set of documents (labeled one of two) cannot be accessed by the Court without

Plaintiff's authorization; the second set appears to be medical records. These documents will

not be filed on the public docket; documents provided in discovery – which these appear to be

– should not be filed on the docket. Instead, they should be provided directly to opposing

counsel. This is particularly the case when the documents in question contain sensitive medical

information, as these documents appear to do. Documents filed on the public document are

accessible by the general public unless the Court grants a request to place the documents

under seal; no such request has been made here. Additionally, to the extent that these

documents are intended to satisfy my order (ECF 48) that Plaintiff provide Defendant with

executed HIPAA forms by March 31, 2026, so that Defendant may obtain her medical records,

these documents would not satisfy that order. As I explained at the most recent conference and

the previous conference, Defendant is entitled to get copies of Plaintiff's medical records

directly from Plaintiff's medical providers, and in order to do so, Plaintiff must provide

Defendant with signed and filled out HIPAA forms for all her medical providers for the relevant time period.

Furthermore, Plaintiff should not copy my chambers and the chambers of Judge Oetken on documents sent to the pro se docketing clerk for filing on the docket; Plaintiff should contact chambers by email only in the event of an urgent situation, and when doing so, Plaintiff must copy opposing counsel on the email to chambers. Routine filings do not qualify as urgent. Plaintiff is reminded of her obligation, which I explained to her at a conference, to communicate directly with opposing counsel about matters relating to the case and should only involve the Court if she needs a judge to intervene in a dispute. Plaintiff is further reminded of her obligation under my order at ECF 48 to provide counsel for Defendant with fully filled out and signed copies of HIPAA forms for all her medical providers during the relevant period; and if she wants Defendant to begin document production of its confidential materials, she must provide counsel for Defendant with a signed version of the confidentiality agreement, which my courtroom deputy mailed to her and which is also available on the Court's website at https://www.nysd.uscourts.gov/forms/confidentiality-agreement-english.

DATED:  March 27, 2026
        New York, NY

SO ORDERED.

_____

**ROBYN F. TARNOFSKY**
United States Magistrate Judge