UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN GARDNER,<br><br>                    Plaintiff,<br><br>     -against-<br><br>AMAZON.COM LLC,<br><br>                    Defendant. | 25-CV-8285 (JPO) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On March 27, 2026, Plaintiff in this case, who is proceeding pro se, sent three groups of

documents for filing on the docket to the pro se filing clerk, my chambers, and the chambers of

Judge Oetken. These documents include a signed (but incomplete) HIPPA form; a confidentiality

stipulation and proposed protective order, signed only by Plaintiff; a signed non-disclosure

agreement; what appears to be Plaintiff's medical records; and a copy of my March 20, 2026

Order (ECF 48). These documents will not be filed on the public docket for the following

reasons:

- With regards to the incomplete HIPPA form, which appears to have been provided to satisfy the March 20, 2026 Order (ECF 48), the HIPPA form should be provided to counsel for Defendant and should not be filed to the public docket. Plaintiff is further reminded of her obligation under my order at ECF 48 to provide counsel for Defendant with fully filled out and signed copies of HIPAA forms for all her medical providers during the relevant period by March 31, 2026;

- With regards to the confidentiality stipulation and proposed protective order, this stipulation must be signed by both parties before being filed on the public docket for the Court's review;

- With regards to the non-disclosure agreement, Plaintiff is not required to file a non-disclosure agreement; the non-disclosure agreement is meant for third-parties who will review confidential materials in a case, so it is not applicable here;

- With regards to Plaintiff's medical records, which appear to be meant to fulfill Plaintiff's discovery obligations: documents provided for discovery purposes should be provided directly to opposing counsel and should not be filed on the public docket. This is particularly the case when the documents contain sensitive medical information, as these documents appear to do. Documents filed on the public docket are accessible by the general public unless the Court grants a request to place the documents under seal; no such request has been made here.

Furthermore, Parties should only file letter-motions on the docket if they are applying for some form of relief. Any such application should not include confidential records, such as medical records, as they will be accessible by the general public unless the Court grants a request to place the documents under seal.

Finally, Plaintiff should not copy my chambers and the chambers of Judge Oetken on documents sent to the pro se docketing clerk for filing on the docket; Plaintiff should contact chambers by email only in the event of an urgent situation, and when doing so, Plaintiff must copy opposing counsel on the email to chambers.

DATED:  March 30, 2026
         New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge