UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN GARDNER,

          Plaintiff,

    -against-

AMAZON.COM LLC,

          Defendant.

25-CV-8285 (JPO) (RFT)

**<u>ORDER</u>**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

In Plaintiff's letter-motion for sanctions against counsel (ECF 61), the merits of which will be addressed in a separate order, Plaintiff states that she tried to file prior two motions complaining about counsel, but that those motions were not docketed. The first such motion was not docketed initially by the pro se docketing clerk because the file sent by Plaintiff exceeded the Court's size limitations; I arranged for the motion to be docketed as an attachment to an order at ECF 55 Ex. B, and I denied that motion in the order at ECF 57. In my order docketing the first sanctions motion, I explained that Docket Services had informed me that the motion had not been filed on the docket because the pdf file Plaintiff submitted was over the Court's 15 megabyte limit and directed Plaintiff to contact the Court's Pro Se Intake Unit or the Independent Legal Assistance if she had any questions about filing papers (or other procedural questions). (ECF 55.)

As to the second such motion, Plaintiff states that she filed it on April 12, 2026, and that it had not been docketed as of April 18, 2026. (ECF 61.) I am informed by Docket Services that this second such motion was not initially docketed because it exceeds the Court's 15-megabyte size restriction. I attach a copy of the second sanctions motion hereto as Exhibit A. In the future,

if a filing made by Plaintiff by email does not appear on the docket within one week, she should reach out to the Pro Se Intake Unit at (212) 805-0175 to check on the status.

In this second sanctions motion, Plaintiff seeks sanctions under New York state law for a late filing by Defendant's counsel, which Defendant's counsel explained (ECF 59) and which I excused (ECF 60) before Plaintiff filed her sanctions motion. (ECF 60, memo endorsement dated April 8, 2026.) Plaintiff's second such motion (Exhibit A hereto) is **DENIED** because it was moot at the time it was filed. In the second sanctions motion, Plaintiff stated that Defendant's counsel's late filing had put her case at risk of dismissal, based on my statement in a prior order that "Plaintiff is warned that any additional failures to comply with Court orders may lead to sanctions and may lead me to recommend that the case should be dismissed." (ECF 48.) To be clear, a failure by Defendant or its counsel to comply with a Court order will not lead to a recommendation that Plaintiff's case should be dismissed, unless Plaintiff was the cause of Defendant's late filing or a significant contributing factor in Defendant' late filing. My statement in ECF 48 about the possibility of my recommending dismissal of her case was addressed only to a failure by Plaintiff to comply with a Court order without good cause.

DATED:  April 27, 2026
        New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge