UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HELEN GARDNER,<br><br>              Plaintiff,<br><br>    -against-<br>AMAZON.COM LLC,<br><br>              Defendant. | 25-CV-8285 (JPO) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's "Third Motion Against Attorney Vincent Lodato for Violation of Judiciary Law Section 487" (the "Motion"). (ECF 61.) Plaintiff complains that counsel asked her to "tamper with" a HIPAA form by initialing portions of the form and accuses counsel of attaching 8 GIFs and 1 PNG to Plaintiff's email account, which cause emails sent by counsel to Plaintiff to appear to be emails sent by Plaintiff to counsel. Two such GIFs are attached to her motion, but the images are illegible. Counsel for Defendant has filed a letter-brief in opposition, asking the Court to (1) strike certain of Plaintiff's allegations in the Motion under Rule 12(f) of the Federal Rules of Civil Procedure and (2) preclude Plaintiff from filing any further motions for sanctions without first complying with the requirements of Rule 11 of the Federal Rules of Civil Procedure and arguing that Plaintiff has failed to comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with filing the Motion, in that she did not serve Defendant with the proposed motion before filing to give counsel a chance to withdraw it. (*See* ECF 62.) For the reasons set forth below, the Motion (ECF 61) is **DENIED**; Defendant's application to strike certain allegations in the Motion under Rule 12(f) is **DENIED**; and Defendant's application to preclude Plaintiff from filing any other sanctions motions without first complying with the requirements of Rule 11 is **DENIED**.

**I.        Plaintiff's Motion for Sanctions**

Plaintiff brings her letter-motion for sanction under New York Judiciary Law Section 487, a provision of New York state law that creates "a civil claim for treble damages against an attorney who, during the course of a litigation, engages in deceit or collusion with the intent to deceive the court or any party . . . ." Section 5:42. New York Judiciary Law § 487, 1 Civil Practice in the Southern District of New York § 5:42 (2d ed.) By its terms, the statute applies to a claim against an attorney rather than a motion to sanction an attorney who is not a party in a case. Accordingly, Plaintiff may not bring a sanctions motion against Defendant's counsel in this case under Section 487 of the New York Judiciary Law.

Because filings by pro se litigants must be liberally construed, I interpret Plaintiff's sanctions motion to be a motion under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.[1]

To begin with, I have reviewed the parties' filings, and I conclude that nothing in counsel's behavior in connection with the request for Plaintiff to initial certain provisions of HIPAA forms that she had previously signed was either unreasonable or vexatious. Counsel has attached correspondence with one of the hospitals where Plaintiff was treated, showing that

---

[1]        While there are other provisions of federal law that allow a party to seek sanctions from opposing counsel, and while the Court also has inherent authority under certain circumstances to issue sanctions, Section 1927 seems most relevant to Plaintiff's letter-motion, which charges Defendant's counsel with requiring her to take unnecessary and inappropriate actions in connection with discovery.

2

the hospital's policy requires a patient seeking his or her medical records to initial specific lines on the HIPAA form to reflect his or her express permission for the hospital to produce certain types of sensitive medical records. (*See* ECF 62-1, Exhibit A (Letter) at 5.)[2] The hospital took the position that it would not release Plaintiff's records unless Plaintiff initialed the specific lines in question. (*See id.*). The request by Defendant's counsel for Plaintiff to comply with the hospital's request by initialing the form was entirely reasonable. Initialing lines on a form to indicate agreement is a common practice and does not constitute tampering with the form or altering it in an improper or illegal way. The request by Plaintiff's counsel was not vexatious either, as the clear purpose, as demonstrated by his correspondence with the hospital, was to facilitate the hospital's production of Plaintiff's medical records so that this case may proceed.

Plaintiff's contention that Defendant's counsel has gotten access to her computer and is causing emails he sent to her look like emails she sent to him is unsupported by any evidence. The GIF files attached by Plaintiff to her motion are illegible. Defendant's counsel could in no way benefit from accessing Plaintiff's computer and altering her mail, and any such actions could destroy the career of Defendant's counsel. Even if Plaintiff had attached files looking like they had been sent by Plaintiff when in fact they were sent by Defendant's counsel, the most likely cause would be that Plaintiff's computer had been infected with a virus having nothing to do with Defendant's counsel. Accordingly, Plaintiff's allegations that Defendant's counsel altered emails he sent to her do not support the Motion seeking sanctions.

---

[2] Citations to Exhibit A refer to the ECF page number in the upper right corner of the document.

II.     **Requiring Plaintiff To Comply with the Requirements of
        Rule 11 of the Federal Rules of Civil Procedure in Connection with the Motion**

Plaintiff states that she brings the Motion under a provision of New York state law, but

this case, which is pending in federal court and governed by the Federal Rules of Civil

Procedures, federal statutes, and federal case law. Federal law provides several different bases

on which a party may seek sanctions. As Defendant notes, one such provision is Rule 11, which

provides that a court may issue sanctions for violations of Rule 11(b). *See* Fed. R. Civ. P. 11(c).

Rule 11(b) provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether
> by signing, filing, submitting, or later advocating it—an attorney or
> unrepresented party certifies that to the best of the person's knowledge,
> information, and belief, formed after an inquiry reasonable under the
> circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to
> > harass, cause unnecessary delay, or needlessly increase the cost of
> > litigation;
> > (2) the claims, defenses, and other legal contentions are
> > warranted by existing law or by a nonfrivolous argument for
> > extending, modifying, or reversing existing law or for establishing
> > new law;
> > (3) the factual contentions have evidentiary support or, if
> > specifically so identified, will likely have evidentiary support after
> > a reasonable opportunity for further investigation or discovery;
> > and
> > (4) the denials of factual contentions are warranted on the
> > evidence or, if specifically so identified, are reasonably based on
> > belief or a lack of information.

Fed. R. Civ. P. 11(b). As Defendant points out, a party seeking Rule 11 sanctions must comply

with certain procedural requirements, including providing the other party with a chance to

withdraw a Court filing that violates the requirements of Rule 11(b). *See* Fed. R. Civ. P. 11(c)(2).

Plaintiff's Motion (ECF 61) criticizes Defendant's counsel for behavior that did not involve a filing by Defendant with the Court. Because Rule 11 governs sanctions relating to "a pleading, written motion, or other paper" that has been present[ed] to the court, Plaintiff likely could not move for sanctions under Rule 11 for the challenged behavior. Additionally, Rule 11 sanctions are not available for violations of disclosure requirements or in connection with responses, objections, and motions involving discovery-related issues, *see* Fed. R. Civ. P. 11(d), which is an independent reason why Plaintiff could not have brought a Rule 11 motion complaining about Defendant's behavior, which involved discovery. As such, Defendant's suggestion that Plaintiff should have complied with the procedural requirements of Rule 11 before filing the Motion is mistaken, and the request that Plaintiff should be required to comply with the requirements of Rule 11 before making any sanctions motion is DENIED.

### III.   Defendant's Application To Strike Portions of Plaintiff's Motion Under Rule 12(f)

Defendant argues that, "[b]ecause Plaintiff's motion makes scandalous allegations of fraud, deceit and manipulation against an attorney and officer of the Court without a shred of evidence, the Court should strike those allegations in Plaintiff's motion under Rule 12(f)." (ECF 61 at 2-3.) Rule 12(f) may be used as a basis to strike "pleading[s]" but not motions or other types of filings. *See* Fed. R. Civ. P. 12(f); Fed. R. Civ. P. 7(a) (providing a list of documents qualifying as pleadings); *MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 499 (S.D.N.Y. Mar. 24, 2017) (denying motion to strike a declaration), *aff'd*, 719 F. App'x 47 (2d Cir. 2017). Accordingly, Defendant's application to strike is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions (ECF 61) is **DENIED**.

Defendant's requests that Plaintiff be required to comply with the requirements of Rule 11 before filing any additional sanctions motions and to strike portions of Plaintiff's Motion under Rule 12(f) are **DENIED**.

The Clerk of Court is respectfully requested to terminate ECF 61.

DATED:  April 28, 2026
       New York, NY

SO ORDERED.

_____

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

6