UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN GARDNER,<br><br>                    Plaintiff,<br><br>          -against-<br><br>AMAZON.COM LLC,<br><br>                    Defendant. | 25-CV-8285 (JPO) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiff sent another email to chambers. It is attached as Exhibit A hereto. I have repeatedly directed her not to email chambers unless there is an emergency. (*See* ECF 50, ECF 52, ECF 53, ECF 55, ECF 73). Her request to be relieved of attending an in-person conference scheduled for the week after next is not an emergency. As I have explained previously, a matter is an emergency if it needs to be resolved within 24 to 48 hours. If Plaintiff continues emailing chambers in non-emergency situations, I will consider blocking her ability to send email to my chambers.

As to Plaintiff's request to be excused due to her mobility restrictions from attending an in-person conference originally scheduled for May 18, 2026 and now rescheduled for May 20, 2026, and to be permitted to attend remotely instead, I am generally willing to hold conferences remotely. All prior conferences in this matter have been held remotely. However, for nearly three months, I have made repeated efforts to cause Plaintiff to sign HIPAA forms for all her medical providers during the relevant period, yet Plaintiff has not signed forms for all such providers: she has refused to sign forms for certain providers she says are not relevant to her food poisoning claims, and she has declined to initial the HIPAA form as requested by one of her providers. I have explained to Plaintiff on several occasions that she is required to provide HIPAA

forms for all her medical providers from May 1, 2023 to the present (*see* ECF 30, Order), because Defendant is entitled to retain medical experts to review her records and opine on whether, in their view, her symptoms were caused by something other than the food poisoning at issue in this case. Plaintiff has indicated an intention to sign the HIPAA forms, but when it comes time for her to do so she does not follow through. (*See e.g.* ECF 71, Def.'s Letter Mot. at 2-3; ECF 73, Order at 3.). I scheduled an in-person conference because I have come to the conclusion that the only way to ensure that Plaintiff signs the HIPAA forms is to have her and counsel for Defendant come into Court, where she can sign the forms in my presence. I am certainly sympathetic to Plaintiff's mobility constraints.

Accordingly, if Plaintiff has signed and initialed HIPAA forms for all her medical providers during the relevant period and provided them to counsel for Defendant by **May 18, 2026**, the in-person conference currently scheduled for May 20, 2026 will be cancelled.

Defendant is ordered to file a letter on the docket by **May 18, 2026** indicating whether he has received the HIPAA forms as required by this order; if so, my courtroom deputy will email Plaintiff to let her know that the in-person conference scheduled for May 20, 2026 has been cancelled. If Defendant informs the Court that the HIPAA forms have not been received by him as required by this order, my courtroom deputy will email Plaintiff to let her know that the in-person conference scheduled for May 20, 2026 will be going forward.

DATED:  May 11, 2026
       New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge