UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN GARDNER,<br><br>               Plaintiff,<br><br>-against-<br><br>AMAZON.COM LLC,<br><br>               Defendant. | |

25-CV-8285 (JPO) (RFT)

**ORDER**

Pending before the Court is Plaintiff's motion to recuse me from this case. (ECF 84, Pl.
Recusal Mot.) For the reasons set forth below, the motion is **DENIED**.

**LEGAL STANDARDS**

"Recusal motions are committed to the discretion of the judge who is being asked
to recuse himself." *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578 (AJN) (SDA), 2020 WL
5894078, at *1 (S.D.N.Y. Oct. 5, 2020); *see also United States v. Lovaglia,* 954 F.2d 811, 815 (2d
Cir. 1992).[1] There is a strong presumption that a judge is impartial, and the movant bears the
"substantial" burden of overcoming that presumption. *Metro. Opera Ass'n, Inc. v. Loc. 100,
Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004). Because recusal
"necessarily results in a waste of the judicial resources which have already been invested in the
proceeding," *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), judges "ha[ve] an
affirmative duty not to disqualify [themselves] unnecessarily." *Shukla*, 2020 WL 5894078, at *1.
"A judge is as much obliged not to recuse himself when it is not called for as he is obliged
to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988); *see also
Weston Cap. Advisors, Inc. v. PT Bank Mutiara Tbk.*, No. 13-CV-6945 (PAC), 2019 WL 6002221, at

---

[1]    This order omits internal quotation marks, citations, and alterations from quoted text.

*3 (S.D.N.Y. Sept. 20, 2019). "[O]therwise, recusal motions would become a tool for judge-shopping and impeding the administration of justice . . . , [a]nd Section 455 is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Saleh v. Pastore*, No. 19-CV-11799 (KPF), 2021 WL 1177533, at *3 (S.D.N.Y. Mar. 28, 2021).

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The inquiry is whether an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal." *Rubin v. N.Y.C. Bd. of Educ.*, No. 20-CV-10208 (LGS), 2023 WL 5336749, at *2 (S.D.N.Y. June 16, 2023) (quoting *Lovaglia*, 954 F.2d at 815); *see also United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008). A judge also is required to recuse herself where, among other considerations, "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1); *see also United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). And a judge should recuse herself when the party has filed a "timely and sufficient affidavit" showing that she "has a personal bias or prejudice either against [the party] or in favor of any adverse party." 28 U.S.C. § 144. The Court's analysis is the same under Sections 144 and 455(b)(1). *See Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987) .

"To be disqualifying under § 455, the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013), *as amended* (Nov. 26, 2013); *see also United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966); *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994). "[J]udicial rulings

alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."); *Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of a recusal motion filed by the plaintiff where the judge had ruled against him on all his motions); *Pri-har v. United States*, 83 F. Supp. 2d 393, 397 (S.D.N.Y. 2000) ("[I]t is well-settled that a judge's adverse rulings and decisions against a party almost never are a valid basis for a party to seek disqualification based on bias or impartiality."). "Events occurring in the course of judicial proceedings generally do not constitute a basis for recusal unless they indicate that the judge has a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996); *see also Liteky*, 510 U.S. at 555.

**ANALYSIS**

Plaintiff appears to argue for recusal based on adverse decisions made during this case: she cites to three separate motions she made seeking sanctions against Defendant's counsel, which I denied. (ECF 84, Pl. Recusal Mot. at 2-3.) Plaintiff also accuses me of blackmail, because I issued an order requiring her to appear for an in-person conference if a discovery dispute between the parties remained unresolved before the date scheduled for the conference; and because I ordered her to refrain from contacting my chambers by email unless the situation was urgent. (*See id.* at 4-5.)

Plaintiff has not met her "substantial" burden of demonstrating that I am biased against her, *Metro. Opera Ass'n*, 332 F. Supp. 2d at 670. The alleged bias she identifies comes not from any extrajudicial source, but instead arises out of my rulings in this case. However, the law is

3

clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555; *Chen*, 552 F.3d at 227; *Fulton*, 289 F.3d at 199; *Pri-har*, 83 F. Supp. 2d at 397. I denied Plaintiff's sanctions motions because, as I explained to her during telephonic conferences, opposing counsel's behavior did not violate any federal court rules or orders and therefore was not sanctionable. I admonished her not to email chambers unless the matter is urgent, meaning an issue that needs resolution within the next 24 to 48 hours, which is my practice whenever a litigant – counseled or pro se – contacts chambers directly rather than filing a letter on the docket. And I ordered the parties to appear in person if they did not resolve their dispute not to force Plaintiff to do what Defendant asked, but because in my experience, parties who have been unable to resolve discovery issues through telephone conferences and email exchanges often can resolve their differences if they are required to meet in person. Plaintiff's evidence of my supposed bias against her does not "indicate that [I] ha[ve] a deep-seated favoritism or antagonism that would make fair judgment impossible," *Conte*, 99 F.3d at 65. I am convinced that an objective person with knowledge of all the facts would conclude that I have not based my rulings on partiality, bias or favoritism.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for my recusal (ECF 84) is **DENIED**. The Clerk of Court is respectfully requested to terminate ECF 84.

DATED:  May 26, 2026
        New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

4