# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

Vincent Lodato
Of Counsel
Admitted In NJ, NY
Direct Dial: 973-643-5891
Email: vlodato@sillscummis.com

101 Park Avennue
25th Floor
Newa York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

The subpoena attached at Exhibit A is dated for
June 18  2026 May 20, 2026 and commands production by June 5, 2026. By **June 24, 2026**, Defendant is directed to file a new subpoena on the docket for the Court's review that contains updated deadlines for production of requested discovery.

**VIA ECF**

Honorable Robyn F. Tarnofsky, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

Dated: June 22, 2026   SO ORDERED
New York, NY

**ROBYN F. TARNOFSKY**
**UNITED STATES MAGISTRATE JUDGE**

Re:    *Helen Gardner v. Amazon.com Services, LLC*
        *Case No. 1:25-cv-8285-JPO*

Dear Magistrate Judge Tarnofsky:

This firm represents Defendant Amazon.com Services, LLC ("Amazon") in this matter. Please accept this letter motion requesting that the Court "So Order" the subpoena directed to Brooklyn Hospital Center ("BHC") for Ms. Gardner's medical records from May 2023 to the present.

Just by way of reminder, BHC has refused to honor the HIPAA authorization that Ms. Gardner provided because section 9(a) of the authorization, which addresses alcohol/drug treatment, mental health and HIV-related information, was not initialed by Ms. Gardner, even though we advised BHC that we were not seeking those types of records. We presented this issue to the Court via letter motion on May 6, 2026 (ECF No. 71). During the May 19th conference addressing this issue, the Court did not require Ms. Gardner to initial those sections of the HIPAA form and permitted Amazon to serve a Subpoena on BHC for her records. *See* ECF No. 83.

On May 20, 2026, we served BHC with a Subpoena for Ms. Gardner's medical records from May 2023 to the present, with the exception of alcohol/drug treatment, mental health and HIV-related information and provided BHC with Ms. Gardner's HIPAA authorization. *See* Ex. A. Via e-mail that I received on June 16, 2026, BHC advised that in the absence of those sections of

Sills Cummis & Gross
A Professional Corporation

Honorable Robyn F. Tarnofsky, U.S.M.J.
June 18, 2026
Page 2

the HIPAA form being initial by Ms. Gardner, BHC would only process the request upon receipt of a "So-Ordered Subpoena signed by a judge." *See* Ex. B.

    Accordingly, in light of BHC's position, we respectfully request that the Court "So Order" the Subpoena attached hereto as Exhibit A so that BHC may process our request.

                                        Respectfully submitted,

                                        *s/ Vincent Lodato*

                                        VINCENT LODATO

cc:    Helen Gardner (via e-mail)

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN GARDNER <br> *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 1:25-CV-08285 |
| AMAZON.COM SERVICES, LLC <br> *Defendant* | ) ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Brooklyn Hospital Center, 121 DeKalb Avenue, Brooklyn, NY 11201

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All medical records maintained by your facility regarding Helen Gardner for the time period from May 2023 to the present, with the exception of alcohol/drug treatment, mental health information and HIV-related information. Please see attached HIPAA authorization executed and dated by Ms. Gardner.

| Place: Vincent Lodato <br> Sills Cummis & Gross P.C. <br> One Riverfront Plaza <br> Newark, NJ 07102 | Date and Time: <br><br> June 5, 2026 |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  May 20, 2026

*CLERK OF COURT*

OR

_____          *s/ Vincent Lodato*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendant
Amazon.com Services, LLC                              , who issues or requests this subpoena, are:

Vincent Lodato, Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102, 973-643-5891, vlodato@sillscummis.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

**Vincent Lodato**

| | |
|---|---|
| **From:** | Rodriguez, Marilisa <marodriguez@tbh.org> |
| **Sent:** | Tuesday, June 16, 2026 11:58 AM |
| **To:** | Vincent Lodato |
| **Cc:** | Bourne, Ashley; Brockington, Valarie; Nyarko, Wilhemina |
| **Subject:** | FW: Civil Action No. 1:25-CV-08285 |

## *** External Email ***



Good morning Vicent Lodato,

Thank you for confirming the correct email address. My apologies, I included an extra (M) on the previous email. Below find for reference our email from last week.

Thank you



**Marilisa Rodriguez**
Manager
Health Information Management

t: 718-250-6750
e: marodriguez@tbh.org

**The Brooklyn Hospital Center**
121 DeKalb Ave • Brooklyn • NY • 11201
**www.tbh.org**



**From:** Rodriguez, Marilisa
**Sent:** Thursday, June 11, 2026 3:09 PM
**To:** 'vlodato@sillscummins.com' <vlodato@sillscummins.com>
**Cc:** Bourne, Ashley <abourne@tbh.org>; Brockington, Valarie <vbrockington@tbh.org>; Nyarko, Wilhemina <wnyarko@tbh.org>
**Subject:** Civil Action No. 1:25-CV-08285

Good afternoon Vicent Lodato,

Following up on our phone conversation yesterday regarding the subpoena request for Ms. Gardner's medical records. The facility has completed its review and determined that the patient must provide her initials on the signed authorization form, as outlined in our correspondence letter.

If it is not possible to obtain the patient's initials, please submit a So-Ordered Subpoena signed by a judge in order for the request for medical records to be processed.

Thank you

*This electronic message is intended to be for the use only of the named recipient, and may contain information that is confidential or privileged. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the contents of this message is strictly prohibited. If you have received this message in error or are not the named recipient(s), please notify us immediately by contacting the sender at the electronic mail address noted above, and delete and destroy all copies of this message. Thank you.*

2