UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN GARDNER,<br><br>               Plaintiff,<br><br>    -against-<br>AMAZON.COM LLC,<br><br>               Defendant. | 25-CV-8285 (JPO) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On June 223, 2026, Plaintiff filed the Second Amended Complaint ("SAC") (ECF 93), attaching supporting documentation for her medical diagnosis referenced in the Second Amended Complaint, including copies of her medical records (ECF 93-1).

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the Court then determines the "weight" of the presumption of public access; and finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.*

Any sealing order must be "narrowly tailored," preserve privacy concerns, this includes allowing the parties to file documents in redacted form or the Court making redactions to the documents at issue. *See id*. at 124; *see also United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (recognizing that "it is proper for a district court, after weighing competing interests, to

edit and redact a judicial document in order to allow access to appropriate portions of the document" while protecting the identities of cooperating witnesses and to protect other confidential law enforcement information); *Brown v. Maxwell*, 929 F. 3d, 41, 51 (2d Cir. 2019) (discussing the supervisory powers a court has "over its own records and files," including by granting protective orders, placing filings under seal, and striking material); *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 232 (D. Conn. 2019) (discussing how the district court's "supervisory power is routinely used to redact or otherwise restrict access to sensitive personally identifying information contained in court documents").

The documents Plaintiff submitted are "judicial documents," meaning documents relevant to the performance of a judicial function and useful in the judicial process. *See Lugosch*, 435 F.3d at 119-20. The documents attached to the SAC support Plaintiff's claimed injuries. (*See* ECF 93, SAC.)

The documents are entitled to the "highest" presumption of public access: Plaintiff submitted the documents as an attachment to her Second Amended Complaint. *Lugosch*, 435 F.3d at 123; *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F. 3d 132, 140 (2d Cir. 2016) (holding that pleadings are judicial records subject to a presumption of public access).

However, the Court finds that sealing Plaintiff's medical records is necessary to protect Plaintiff's compelling privacy interests and that sealing the records is narrowly tailored to achieve that result. *See e.g. McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14-cv-9516, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order."); *Spring v. Allegany-Limestone Cent. Sch.*

*Dist.*, No. 14-CV-0476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information.").

For the foregoing reasons, the Clerk of Court is also respectfully directed to seal the filing at ECF 93-1 with access to Court personnel and case participants.

DATED:  June 24, 2026
       New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge