UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN GARDNER,
                                    Plaintiff,

                    -v-

AMAZON.COM SERVICES, LLC,
                                    Defendant.

25-CV-8285 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Helen Gardner, proceeding pro se, brings this products liability action against Defendant Amazon.com Services, LLC ("Amazon").  On March 2, 2026, Gardner filed a motion to remand this matter back to New York state court.  (ECF No. 39.)  On April 30, 2026, the Honorable Robyn F. Tarnofsky, Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that the motion be denied.  (ECF No. 65 ("R&R").)  Gardner timely objected on May 11, 2026.  (ECF No. 78.)  For the following reasons, the objections to the R&R are overruled.

I.      **Background**

The following facts are taken from Gardner's pleadings and are accepted as true for purposes of resolving this motion.[*]  *See State ex rel. Am. Advisory Servs., LLC v. Egon Zehnder Int'l, Inc.*, 592 F. Supp. 3d 183, 188 (S.D.N.Y. 2022).

---

[*] Gardner filed an initial complaint in state court. (ECF No. 1-1.)  Once the case was removed to this Court, she filed an amended complaint.  (ECF No. 29.)  However, the amended complaint, which incorporates by reference the original complaint (ECF No. 29 at 2), lacks key information, including the parties' citizenship for purposes of diversity jurisdiction and the facts underlying the causes of action.  "[I]n accordance with the Court's obligation to construe pro se pleadings liberally, the Court considers both the original complaint and the amended complaint together." *Brock v. Zuckerberg*, No. 20-CV-7513, 2021 WL 2650070, at *1 n.3 (S.D.N.Y. June 25, 2021), *aff'd*, No. 21-1796, 2022 WL 1231044 (2d Cir. Apr. 27, 2022).

1

Gardner, a resident of Brooklyn, New York, depends on Amazon to purchase food.  (ECF No. 1-1 ("Compl.") ¶¶ 1, 3.)  From March to May of 2025, Gardner only consumed Campbell's Chunky Jazzy Jambalaya Soup, which she purchased from Amazon.  (*Id.* ¶¶ 3-5.)  Gardner soon became ill and realized that she had been consuming Campbell's soup that had a lot date of January 17, 2021.  (*Id.* ¶¶ 6-8.)

On July 7, 2025, Gardner commenced this action in New York Supreme Court, asserting claims of negligence and violations of New York strict liability laws and seeking $100,000 in damages.  (*See generally id.*; *id.* ¶ 14.)  Amazon timely removed the case to this Court on October 7, 2025, on the basis of diversity jurisdiction.  (ECF No. 1.)  In its notice of removal, Amazon stated that diversity jurisdiction was satisfied because Amazon is a citizen of Delaware and Washington, Gardner is a citizen of New York, and Gardner alleges an amount in controversy that exceeds $75,000.  (*Id.* at 2-3.)

On October 17, 2025, Gardner filed a motion to remand the case back to New York state court.  (ECF No. 10.)  After Amazon opposed the motion (ECF No. 11), Gardner voluntarily withdrew her motion (ECF No. 12).  Accordingly, the Court denied the motion to remand as moot.  (ECF No. 18.)

On January 9, 2026, the Court referred the case to Judge Tarnofsky for general pretrial supervision.  (ECF No. 20.)  Gardner then filed an amended complaint on February 8, 2026, which increased her demand for damages to $300,000 and added two new causes of action, but otherwise left the allegations of the initial complaint unchanged.  (*See generally* ECF No. 29 ("Am. Compl.").)

On March 2, 2026, Gardner filed a second motion to remand the case to New York state court.  (ECF No. 39.)  In support, Gardner filed three memorandums of law.  (ECF No. 43; ECF

2

No. 46; ECF No. 47.)  On March 16, 2026, Amazon filed an opposition to the motion.  (ECF No. 44.)  Judge Tarnofsky then issued an R&R on April 30, 2026, which recommended denying the motion to remand.  (R&R.)  Gardner filed an objection on May 11, 2026.  (ECF No. 78.)

## II.     Legal Standard

When reviewing an R&R by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "The Court reviews the [R&R] strictly for clear error where no objection has been made and will make a de novo determination regarding those parts of the [R&R] to which objections have been made."  *Baker v. Coates*, No. 22-CV-7986, 2023 WL 6289964, at *1 (S.D.N.Y. Sept. 27, 2023) (quotation marks omitted), *aff'd*, No. 23-7483, 2024 WL 5066467 (2d Cir. Dec. 11, 2024), *aff'd*, 145 S. Ct. 2699 (2025).

## III.    Discussion

The R&R recommended denial of the motion to remand on the basis that the requirements of diversity jurisdiction have been satisfied.  (*See* R&R at 8-10.)  In her objections to the R&R, Gardner argues that the motion should be granted because the Bronx County Supreme Court has jurisdiction over the action.  (ECF No. 78.)  It does not object to the R&R's conclusion that this Court has diversity jurisdiction.

Because Gardner does not object to the holding that this Court has diversity jurisdiction, that holding is reviewed for clear error.  *See Baker*, 2023 WL 6289964, at *1.  Even under de novo review, however, this Court has subject-matter jurisdiction over the present action.  Pursuant to federal law, federal district courts have original jurisdiction of all civil actions where the adverse parties to the litigation are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  As applied here, that requires Gardner and Amazon to be citizens of different states.  "An individual's citizenship, within the meaning of the diversity

3

statute, is determined by [her] domicile, in other words the place where a person has [her] true fixed home and principal establishment, and to which, whenever [she] is absent, [she] has the intention of returning." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (cleaned up). It is undisputed on this record that Gardner is domiciled in New York. (*See* Compl. ¶ 1.) As to Amazon, a limited liability company ("LLC") is a citizen of each state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51- 52 (2d Cir. 2000). The record indicates that Amazon is an LLC, of which Amazon.com Sales, Inc, is the sole member. Amazon.com Sales, Inc., in turn, is incorporated in Delaware and has its principal place of business in Washington. (*See* ECF No. 1 at 3; ECF No. 6.) "[A] corporation is a citizen of the state in which it has its principal place of business and every state in which it has been incorporated." *Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 133 (2d Cir. 2020). Accordingly, Amazon.com Sales is a citizen of Delaware and Washington, and as a result, Amazon is a citizen of Delaware and Washington. Because Gardner is not a citizen of either Delaware or Washington, there is complete diversity. And because Gardner alleges $300,000 in damages (*see* Am. Compl. at 4), the amount-in-controversy requirement of diversity jurisdiction is also satisfied.

Again, Gardner does not object to the R&R's findings as to diversity or the amount in controversy. Instead, she argues that the Bronx County Supreme Court had jurisdiction to hear her claims. (ECF No. 78.) However, whether a state court has jurisdiction over an action does not bear on whether this Court also has jurisdiction over the action. Instead, the only relevant inquiries are those discussed above—diversity and the amount in controversy. Because they are satisfied here, this Court can exercise jurisdiction over the case regardless of whether a New York court could also exercise jurisdiction. Under these circumstances, removal to this Court

4

was proper.  *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

## IV.    Conclusion

After undertaking de novo review, the Court overrules Gardner's objections to the R&R, and the R&R is ADOPTED.  Accordingly, Gardner's motion to remand is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 39.

SO ORDERED.

Dated: June 24, 2026
       New York, New York

_____
           J. PAUL OETKEN
       United States District Judge