UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN GARDNER,
Plaintiff,
-against-
AMAZON.COM LLC,
Defendant.

25-CV-8285 (JPO) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On July 25, 2026, Plaintiff in this case, who is proceeding pro se, emailed the letter, attached to this order at Exhibit A, to Judge Oetken's chambers, without copying opposing counsel. Because this case is referred to me for general pretrial supervision, the email was forwarded to me. Plaintiff complains that opposing counsel's email to her demanding to inspect the soup cans and any packaging in her possession at Plaintiff's apartment or a mutually agreed upon location makes her feel unsafe and intimidated. Plaintiff also asserts that she is excused from participating in face-to-face meetings because (1) the Local Rules of this Court permit virtual meetings, telephone conferences, and electronic exchanges of documents, and (2) she is elderly and mobility impaired.

While it is possible to share certain materials, such as documents, electronically, without requiring a face-to-face meeting, there are certain types of "tangible things" that cannot be shared over the telephone or internet. Rule 26(b) of the Federal Rules of Civil Procedure allows a party to "obtain discovery of any nonprivileged matter that is relevant to the party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b). And, as relevant here, Rule 34 allows any party to request from another party discovery that falls within the scope of Rule 26(b), including to make a request that the other party "produce and permit the

requesting party or its representatives to inspect, copy, test, or sample" "any designated tangible things." Fed. R. Civ. P. 34(a)(1)(B). The cans and any packaging still in Plaintiff's possession are relevant to Defendant's defense, and making those items available for inspection, which will not be costly to Plaintiff, is proportional to the needs of the case. Accordingly, Defendant is entitled to inspect the cans and any packaging still in Plaintiff's possession.

It is understandable that Plaintiff may not wish to invite opposing counsel or his representatives into her home while she is there alone. She has several options. She can have a trusted friend or family member present at her home while the inspection takes place. She can plan to be absent from her home at the time of inspection and ask a trusted friend or family member to be there instead. Or she can ask a trusted friend or family member, with or without her, to bring the items in question to a neutral location for inspection and then to return them to her home. The conference room near my courtroom is available for that purpose but there is no requirement that the parties use the conference room. However, Defendant is entitled to inspect and photograph any cans and packaging remaining in her possession. By **August 21, 2026**, Plaintiff should email opposing counsel to let him know how she wishes to proceed.

Separately, I remind Plaintiff that she is not permitted to email either my chambers or Judge Oetken's chambers except in the event of an emergency, which means a matter that needs to be resolved within the next 24 to 48 hours. While I understand that Plaintiff was distressed by the way opposing counsel phrased his discovery request, the proper response by Plaintiff would be to file a letter on the docket rather than emailing it to chambers. Plaintiff is

also reminded that if she does email chambers in an emergency situation, she must copy opposing counsel on the email.

DATED: July 28, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

# EXHIBIT A

Helen Gardner
237 Duffield Street, Apt 2B
Brooklyn, New York 11201
718-838-8232
helengardner841@gmail.com

July 25, 2026

To the Honorable Judge Oetken
United States District Court Southern District Of New York
500 Pearl Street
New York, New York 10007

Re: Helen Gardner v. Amazon.com Services LLC

Case No. 25-cv-8285 JPO

Dear Judge Oetken,

I am a Plaintiff representing myself in the above-referenced matter. I am writing to respectfully bring to the Court's attention a matter concerning conduct by opposing counsel, Vincent Lodato, which has caused me serious concern and intimidation.

On July 22, 2026, at 7:37pm I received an email, Vincent Lodato stated the following: "Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Amazon.com Services LLC (hereinafter "Amazon") **demands** that Plaintiff Helen Gardner permit counsel for Amazon to inspect and take photographs of the soup cans and any packaging still in her possession on August 7, 2026 **at her apartment or at another location mutually agreed upon.**

A copy of the written communication is attached.

This behavior has made it very difficult for me to fairly participate in my own legal proceedings and has caused me to feel unsafe and intimidated while trying to follow Court rules.

SDNY Local Civil Rule 37.2 and individual Judge practices explicitly permit parties to confer in good faith, allowing virtual meetings, telephone calls or electronic service, meaning I am already exempt from an in-person requirement.

I have already consented to, and adhered to email, and Electronic Filing via the ECF System, rather than face-to-face meetings.

Under Federal Rule 26(a) and SDNY procedures, discovery planning and document exchanges happen electronically or via phone/video conference without an in-person mandate.

I, respectfully, request that the Court provide guidance on how to proceed, or issue an Order reminding all parties to maintain professional and respectful conduct. I do not want Lodato or anyone from Amazon **demanding** to come to my apartment, which I believe is an **egregious** demand. Nor do I want to meet with the defendant in person at any other location. I do not feel safe. I am an elderly, mobility disabled woman, who is abiding by the ECF System rules set up by SDNY. Thank you for your time, patience, and consideration of this most serious matter.

Respectfully submitted,

Helen Gardner

Helen Gardner

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HELEN GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | No. 1:25-cv-8285-JPO |

**DEFENDANT AMAZON.COM SERVICES LLC'S**
**NOTICE OF INSPECTION DIRECTED TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Amazon.com Services LLC (hereinafter "Amazon") demands that Plaintiff Helen Gardner permit counsel for Amazon to inspect and take photographs of the soup cans and any packaging still in her possession on August 7, 2026 at her apartment or at another location mutually agreed upon.

Dated: July 22, 2026

SILLS CUMMIS & GROSS P.C.

By: *s/ Vincent Lodato*
Beth S. Rose
Vincent Lodato
One Riverfront Plaza
Newark, New Jersey 07102

*Attorneys for Defendant*
*Amazon.com Services LLC*