Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax (973) 643-6500

Vincent Lodato
Of Counsel
Admitted In NJ, NY
Direct Dial: 973-643-5891
Email: vlodato@sillscummis.com

101 Park Avennue
25th Floor
Newa York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

Non-party NYU Langone shall have until **August 10, 2026** to oppose this letter-motion to the extent that it seeks to compel a deposition of Dr. Spandorfer. Plaintiff shall have until **August 10, 2026** to oppose this letter-motion to the extent that it seeks an extension of the discovery schedule. A telephonic conference to discuss this letter-motion will be held on **August 11, 2026** at **12:00 PM**. At the scheduled time, the parties are directed to call my conference line by dialing **(646) 453-4442, Access Code:782 712 666#**. Counsel for Defendants shall provide a copy of this order to counsel for NYU Langone and file proof of having done so on the docket by **August 4, 2026.**

Dated: August 3, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

August 3, 2026

**VIA ECF**

Honorable Robyn F. Tarnofsky, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

Re: *Helen Gardner v. Amazon.com Services, LLC*
*Case No. 1:25-cv-8285-JPO*

Dear Magistrate Judge Tarnofsky:

This firm represents Defendant Amazon.com Services, LLC ("Amazon") in this matter. Please accept this as Amazon's letter motion requesting that the Court address the following issues that have recently arisen in this matter.

**Deposition of Dr. Robert Spandorfer of NYU Langone**

In April 2026, Ms. Gardner treated with Dr. Robert Spandorfer, a rheumatologist at NYU Langone, regarding her alleged food poisoning and claim of reactive arthritis. On June 25, 2026, we issued a subpoena to Dr. Spandorfer scheduling his deposition for July 23. On July 23, we received correspondence from Rudy Schmidt, NYU Langone's associate general counsel, advising that NYU Langone would only produce Dr. Spandorfer for a deposition if Ms. Gardner provided a HIPAA authorization on which she initialed section 9(b), the section which authorizes Dr. Spandorfer to discuss her health information with Ms. Gardner's attorney or a government agency. *See* Ex. A. Mr. Schmidt also requested a completed GBL 394-i attestation form, which our office completed and provided.

On July 24, I forwarded Mr. Schmidt's letter to Ms. Gardner and requested the HIPAA authorization. Ms. Gardner provided me with a signed HIPAA authorization for Dr. Spandorfer but advised me that she would not initial section 9(b) because I am not her attorney or a government agency. *See* Ex. B. On July 27, I e-mailed Mr. Schmidt, copying Ms. Gardner, and advised him of Ms. Gardner's position. Mr. Schmidt responded later that day and reiterated NY Langone's position that they would not produce Dr. Spandorfer for a deposition without Ms. Gardner initialing section 9(b) of the HIPPA form. *See* Ex. C.

Because we are at an impasse, the Court's assistance is required. We have copied Mr. Schmidt on this letter motion. Because section 9(b) of the HIPAA form only applies to Ms. Gardner's attorney or a government agency, which our firm is neither, that section is not applicable and NYU Langone's position is unsupported. Therefore, we are requesting that the Court enter an order directing NYU Langone to produce Dr. Spandorfer for a deposition in this matter.

**<u>Request for extension of the discovery deadlines</u>**

Under the current discovery schedule, fact discovery is scheduled to end on August 7 and expert discovery is scheduled to conclude on September 21. *See* May 19, 2026 text order. Although the parties have been working diligently to complete discovery, Amazon respectfully requests a 45-day extension of the deadlines to complete outstanding fact and expert discovery. As previously discussed, Dr. Spandorfer's deposition still needs to be completed and given NYU Langone's position, we will be unable to complete it by August 7. In addition, Ms. Gardner's deposition was completed on July 16 and during her deposition, Ms. Gardner identified three previously undisclosed treaters that she has seen in the last year for her alleged food poisoning. We have made requests for the records from those visits from Ms. Gardner and her healthcare providers. These additional medical records and Dr. Spandorfer's deposition are required before Amazon's experts can render opinions. Lastly, the Court has given Ms. Gardner until August 21 to provide a proposal for our office to inspect and photograph the soup cans still in her possession. In light of these discovery issues, Amazon respectfully requests that the Court extend the deadlines for fact discovery until September 21 and for expert discovery until November 5.

**<u>Plaintiff's motion for leave to file a third amended complaint</u>**

On July 30, 2026, Ms. Gardner filed a motion for leave to file a third amended complaint. Amazon respectfully requests that the Court deny this motion because Ms. Gardner is abusing the judicial process as the requested amendment is unnecessary. Plaintiff just filed a motion to amend her complaint on June 22 to add allegations and claims regarding her alleged kidney cysts, which the Court granted with Amazon's consent. Plaintiff's proposed third amended complaint does not allege any new injuries or causes of action and does not assert any new damages. Accordingly, a further amendment of the complaint is unwarranted and is just wasting judicial resources and causing unnecessary litigation costs. Accordingly, Amazon respectfully requests that the Court deny Plaintiff's motion for leave to file a third amended complaint.

If the Court determines that a telephone conference is necessary to address these issues, we look forward to discussing these issues in more detail with the Court.

Respectfully submitted,

*s/ Vincent Lodato*

VINCENT LODATO

cc: Helen Gardner (via e-mail)
Rudy Schmidt, Esq. (via e-mail)