UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN GARDNER,

Plaintiff,

-against-

AMAZON.COM SERVICES, LLC,

Defendant.

25-CV-8285 (JPO) (RFT)

**ORDER**

Pending before the Court is the motion by Plaintiff Helen Gardner, who is proceeding without a lawyer (pro se), to this products liability action against Defendant Amazon.com Services LLC f/k/a Amazon.com LLC ("Amazon") to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a) (the "Motion"). (ECF 141, Mot.)[1] For the reasons set forth below, the Motion is **DENIED**.[2]

**BACKGROUND**

This order assumes familiarity with the allegations in the operative complaint (ECF 111, Third Am. Compl.). On October 7, 2025, Defendant removed Plaintiff's case from the Supreme Court of the State of New York, Bronx County. (*See* ECF 1, Not. of Removal at 2.) On October 17, 2025, Plaintiff moved to remand (ECF 10) and then withdrew that motion (ECF 12). Judge

---

[1] Plaintiff named Amazon.com LLC as the defendant in her case in state court. Amazon.com LLC was a limited liability company; it merged into Amazon Fulfillment Services, Inc. on January 1, 2018. Amazon Fulfillment Services, Inc. subsequently changed its name to Amazon.com Services, Inc. (*See* ECF 1, Not. of Removal at 3.)

[2] Motions for a change of venue are classified as non-dispositive matters and as a result, a magistrate judge has authority to address such motion by order rather than by issuing a report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Mirabal v. Deutsche Bank Nat'l Tr. Co.*, No. 25-CV-7418 (LJL), 2025 WL 3692193, at *1 (S.D.N.Y. Dec. 19, 2025).

Oetken entered a civil case management plan and scheduling order (ECF 10.) This matter was referred to me to general pretrial supervision on January 9, 2026. (ECF 20, Order of Ref.) I have supervised discovery since that date, including resolving discovery disputes between the parties.

On March 2, 2026, Plaintiff filed another motion to remand (ECF 39), which was denied (ECF 96). Plaintiff made four separate motions seeking sanctions against opposing counsel (ECF 55, Ex. B; ECF 63-1, Ex. A; ECF 61; ECF 125), all of which were denied. (*See* ECF 57, Order at 2; ECF 63, Order at 2; ECF 64, Order at 6; ECF 127, Order at 1.) On May 20, 2026, Plaintiff sought my recusal (ECF 84); I declined to recuse myself. (*See* ECF 85, Order at 1.) Plaintiff filed the Motion (ECF 141) on September 3, 2026. Defendant filed its opposition (ECF 145) on September 29, 2026, and Plaintiff filed a reply in further support (ECF 148) on September 30, 2026.

**LEGAL STANDARD ON A MOTION TO TRANSFER VENUE**

A court may transfer a case to any other district where the case might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).[3] A court considering whether to grant a motion to transfer first considers whether the case could have been brought in the proposed transferee court and then weighs the private and public interests to determine if transfer is appropriate. *See Moeller-Bertram v. Gemini Tr. Co., LLC*, No. 23-CV-2027 (LJL), 2024 WL 1860061, at *2 (S.D.N.Y. Apr. 29, 2024). Then, the court analyzes the following ten factors: "(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the

[3] Unless otherwise indicated, this order omits internal quotation marks, citations, and alterations from quoted text.

attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances." *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

"A motion to transfer venue is not ordinarily granted at the request of the party who chose the forum in the first place." *Ferrostaal, Inc. v. M/V Eagle*, No. 02-CV-1887 (NRB), 2003 WL 2146689, *2 (S.D.N.Y. June 30, 2003). A plaintiff "has already had an opportunity to choose the venue when filing the action"; as a result, a plaintiff seeking to transfer venue "must demonstrate . . . that after the action was filed there was a change of circumstances that warrants transferring the action to the transferee forum." *Id.* Demonstrating changed circumstances is a threshold requirement. *See Anglo American Ins. Group, P.L.C. v. CalFed Inc.*, 916 F. Supp. 1324, 1328 (S.D.N.Y. 1996) ("The threshold question when deciding a § 1404(a) motion by a plaintiff is whether plaintiff has shown that a change in circumstance since the complaint was filed warrants a transfer," which "is a sensible rule since the plaintiff initially has the choice of forum.").

**<u>DISCUSSION</u>**

Plaintiff states that this case could have been brought in the Eastern District of New York: she argues that this matter arises out of events that took place in Brooklyn, which is within the Eastern District; that she and all key non-party witnesses, including Dr. Nelly Cohen and Dr. Robert Spandorfer, reside or work in Brooklyn; and that all relevant documents are

located in Brooklyn. (*See* ECF 140, Pl.'s Mem. at 1-5.) She concludes that this District has no meaningful connection with the parties, witnesses, or the dispute. (*See id.* at 4.) She asserts that the caseload in this District is higher than that in the Eastern District, and that the Eastern District has a more convenient option for pro se litigants to make filings on the docket. (*See id.* at 4-5.) She therefore asks to transfer this case to the Eastern District "in the interest of justice and for the convenience of the parties and witnesses." (*Id.* at 1.)

Defendant counters that because Plaintiff effectively chose this forum by filing suit in state court in the Bronx, after which the case was removed by Defendant to this District, she must show a change in circumstances that warrants a transfer. (*See* ECF 145, Def.'s Opp. at 6.) Defendant argues that Plaintiff has not pointed to any such change. (*See id.*) Defendant goes on to argue that Plaintiff has also failed to meet the regular standard for justifying a transfer of venue: Defendant does not dispute that the case could have been brought in the Eastern District, but Defendant asserts that the factors considered by courts in determining whether to grant a transfer request do not favor transfer in this case. (*See id.* at 6-8.)

Even if Plaintiff is not required to demonstrate changed circumstances, her motion to transfer venue fails because the balance of public and private interests heavily favors keeping the case in this District.

## I. The Convenience to the Parties and Witnesses

Plaintiff argues that she and relevant non-party witnesses live and/or work much closer to the Brooklyn federal courthouse than the Manhattan federal courthouse. (*See* ECF 140, Pl.'s Mem. at 1.) However, as Defendant notes, the buildings are only a few miles apart and are linked by public transportation and roadways served by taxis and rideshare vehicles. (*See* ECF

145, Def.'s Opp. at 8.) Because convenience is measured "in light of the realities of modern transportation and communication," this District is not inconvenient to Brooklyn. *Calavo Growers of CA v. Generali Belgium*, 632 F.2d 963, 969 (2d Cir. 1980) (Newman, J., concurring). Additionally, even if the Eastern District is more convenient for Plaintiff, "[t]ransfer should not be ordered if the result is merely to shift the inconveniences to the non-movant." *Sequa Corp. v. Bailey*, No. 88-CV-7161 (JFK), 1989 WL 60036 at *3 (S.D.N.Y. June 1, 1989); *see also Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994) ("A transfer should not merely shift the burden of inconvenience from one party to the other."). Transferring the case to the Eastern District would shift any inconvenience experienced by Plaintiff to Defendant.

As to non-party witnesses, Plaintiff's concern is that her physician witnesses must remain near their offices in the event of an emergency. But in the event of an emergency, the physicians could be back in Brooklyn within minutes.

The convenience of the parties disfavors transfer; the convenience of witnesses is a neutral factor.

## II. Location of Documents

Plaintiff argues that her medical records are in Brooklyn. (*See* ECF 140, Pl.'s Mem. at 1.) However, the document discovery in this matter has been exchanged electronically. (*See* ECF 145, Def.'s Opp. at 9.) Accordingly, the location of documents is a neutral factor.

## III. Locus of Operative Facts, Availability of Process To Compel Witness Attendance, and the Forum's Familiarity with Governing Law

The locus of operative facts is in Brooklyn, but the distance between the Manhattan federal courthouse and the places where Plaintiff became ill and received medical treatment is

negligible. This factor is neutral. As to the availability of process to compel the attendance of the unwilling witnesses and the forum's familiarity with the governing law, there is no difference between the Eastern District and this District. These factors also are neutral.

**IV. Efficiency and the Interest of Justice**

Plaintiff argues that transfer to the Eastern District will promote efficiency because the Eastern District's docket is less congested and because the Eastern District has a more user-friendly way for pro se litigants to file documents. (*See* ECF 140, Pl.'s Mem. at 4-5.) To begin with, comparative caseload cannot, without more, support transfer; and the Second Circuit has cautioned against transferring cases to lighten the caseload in this District. *See Calavo Growers*, 632 F.2d at 969 (Newman, J., concurring).

Additionally, in assessing efficiency and the interest of justice under the totality of the circumstances, courts are to assess which forum will make "the resolution of [the] case easy, expeditious and inexpensive." *Eichenholtz v. Brennan*, 677 F. Supp. 198, 200 (S.D.N.Y. 1988).This case has been pending in the Court since 2025, and I have been overseeing it since early 2026. Transferring this case now would require a new judge to familiarize herself with the facts and procedural history, which would be highly inefficient. These factors weigh heavily against transfer.

**V. Relative Means of the Parties and the Plaintiff's Choice of Forum**

Defendant undoubtedly has greater means than Plaintiff, and so that factor weighs in favor of transfer. Plaintiff's choice of forum should in my view be considered a neutral factor, since Plaintiff originally chose to file suit in state court.

****

In summary, the following factors weigh heavily against transfer: the convenience of the parties, efficiency, and the interest of justice under the totality of the circumstances. The following factors are neutral: the convenience of witnesses, the location of documents, the locus of operative facts, availability of process to compel witness attendance, the forum's familiarity with governing law, and Plaintiff's choice of forum. The only factor weighing in favor of transfer is the relative means of the parties, which cannot, without more, support transfer.

## CONCLUSION

For the foregoing reasons, the Motion (ECF 141) is **DENIED**. The Clerk of Court is respectfully requested to terminate ECF 141.

Dated: October 9, 2026
New York, NY

So Ordered.

______________________
ROBYN F. TARNOFSKY
United States Magistrate Judge